UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re Jeannine Victoria Heaver,<br><br>Debtor<br><br>------------------------------------------------------<br><br>Joseph D. Olsen, Trustee,<br><br>Plaintiff<br><br>v.<br><br>Jeannine V. Heaver,<br>First Centennial Mortgage Corporation,<br>and<br>Branch Banking & Trust Company,<br><br>Defendants | Bankruptcy No. 09-B-73096<br>Adversary No. 10-A-96094<br>Chapter 7<br>Judge Manuel Barbosa |

## MEMORANDUM OPINION

The facts and history of this case are detailed in this Court's opinion issued June 13, 2012, 473 B.R. 734 (Bankr. N.D. Ill. June 13, 2012), and will not be repeated here. As noted in that opinion, the central issue was whether the Chapter 7 Trustee could avoid a mortgage granted by the Debtor to Branch Banking & Trust Company because the mortgage was recorded 7 days before the deed that conveyed the interest in land to the Debtor was recorded. I found that, under Illinois law, such mortgage was recorded outside the chain of title and did not provide constructive notice to a hypothetical bona fide purchaser, and therefore could be avoided by the Trustee under the strong-arm powers provided in Section 544 of the Bankruptcy Code.

There did not appear to be any factual dispute or any other argument that would constitute a valid defense for Branch Banking, and therefore based on the Court's conclusions on the legal issue, summary judgment in favor of the Trustee appeared to be appropriate. However, the Trustee had not filed a cross-motion for summary judgment. Fed. R. Civ. P. 56(f)(1) gives a court the power to grant summary judgment against a nonmoving party, but only after giving the nonmovant notice and an opportunity to respond. Where only one party files a motion for summary judgment, that

party expects only that the motion will be granted or, if the court finds there to be a material issue of fact, denied. Denial of summary judgment normally does not terminate the litigation, but simply indicates that a trial might be necessary. Therefore, such a movant might not assert all possible arguments or facts in that party's pleadings on the motion for summary judgment. Instead, the party might put forward only arguments that the party does not believe will require trial.

In its written response to this Court's June 13th opinion and indication that it intended to issue summary judgment against Branch Banking, Branch Banking asserted essentially two arguments. First, Branch Banking asked this Court to reconsider its analysis of the Illinois case law discussed in the June 13th Opinion, primarily arguing that the mortgage recorded by Branch Banking should have been determined to constitute constructive notice to the Trustee or that trustees should be charged with notice of mortgages filed on or after the date of the deed rather than from the date the deed was recorded. Branch Banking also sought to distinguish the facts of several of the cases cited by this Court, or sought to argue that their holdings should have had different import. However, these arguments were already raised or considered in the June 13th opinion, and for the reasons stated in that opinion, I decline to reconsider these arguments, which were already addressed by that opinion.

Branch Banking also raises a new argument, however. Branch Banking argues that the Trustee is unable to avoid its mortgage because of the doctrine of after-acquired title – sometimes referred to as deed by estoppel – which is partially codified in Illinois as part of the Illinois Conveyances Act, 765 ILCS 5/7.

The doctrine of after-acquired title provides that "if a person sells or conveys to another an estate in land which the vendor does not possess, but then after the sale or conveyance, the vendor does become possessed of and confirmed in the legal estate to the land or real estate so sold or conveyed, the vendor holds the subsequently acquired estate in trust for the person or entity to whom the original conveyance was made. The after-acquired-title doctrine is based upon the principle that where one having no title or imperfect title purports to convey good title to another, and afterwards acquires good title to the land, the subsequently acquired title should and does inure to the benefit of the original grantee." Thompkins State Bank v. Niles, 537 N.E.2d 274, 278 (Ill. 1989). The doctrine applies not only to deeds of title, but also to mortgages, so long as the mortgage instrument contains certain covenants of title. Id. Under the common law, the doctrine only applied to deeds that contained express warranties of title, but 765 ILCS 5/7 modified the doctrine slightly with respect to conveyances of estates in fee simple absolute to remove the requirement of warranty language in such deeds of estates in fee simple. Robben v. Obering, 279 F.2d 381 (7th Cir. 1960) (finding that the intent of the statute was not to restrict and limit the scope of the common law doctrine, but rather to limit the warranty language requirement for conveyances of estates in fee

simple). It makes sense and is equitable to apply the doctrine against the conveyor or grantor who falsely represented that he was owner of the land at the time of the conveyance, and is also equitable to apply it against those who knowingly benefit from the false statement. It is less clear that the doctrine should punish a bona fide purchaser who purchases the property at issue without knowledge of the earlier attempted but faulty conveyance.

In applying the doctrine, the Illinois Supreme Court has held that "if a conveyance be with general warranty, the subsequent title acquired by the grantor will inure by estoppel to the benefit of the grantee, and this for the purpose of avoiding circuity of action. And a subsequent purchaser from the mortgagor under his after acquired title is also estopped, *if he had notice.*" Gochenour v. Mowry, 33 Ill. 331 (Ill. 1864) (internal citations omitted) (emphasis added). In Gochenour, the court found that the subsequent purchaser was estopped because he had notice of the deed and covenants therein. However, the cited language strongly suggests the result would have been different had the purchaser been a bona fide purchaser without knowledge.

Branch Banking has cited several subsequent Illinois Supreme Court cases which included language stating that the doctrine "not only estops the grantor, but a subsequent purchaser from him." Biwer v. Martin, 128 N.E. 518, 522 (Ill. 1920); Weegens v. Karels, 29 N.E.2d 248 (Ill. 1940) ("if there be a warranty it not only estops the grantor but a subsequent purchaser from him"). From this language, Branch Banking argues that the Illinois Supreme Court has subsequently departed from and implicitly overruled Grochenour. However, these cases, as well as Robben v. Obering, 279 F.2d 381 (7th Cir. 1960), which cites to them, only refer to a "subsequent purchaser," not to a subsequent purchaser with notice or to a bona fide purchaser. Indeed, none of the cases cited by Branch Banking even discuss notice or the concept of a bona fide purchaser. Therefore, in those cases either the subsequent purchaser may have had notice or the issue of bona fide purchaser may never have been raised. Nor do those cases discuss the recording system or doctrines generally protecting bona fide purchasers.

Instead, in all the Illinois cases that this Court has found dealing with the after-acquired title doctrine in which the courts actually discussed bona fide purchasers or notice, the courts stated or implied that the doctrine would not be enforceable against such an innocent party without notice of the conveyance. In Life Savings & Loan Assoc. of Am. v. Bryant, 467 N.E.2d 277 (Ill. App. Ct. 1984), the mortgagor, Katrina, initially purported to sell certain land under a contract to purchase to the Bryans at a time Katrina did not own the land. Katrina subsequently granted a mortgage to Life Savings and used the proceeds of the mortgage loan to purchase the land. The court found that because of the after-acquired title doctrine, the first transfer to the Bryans became effective once Katrina obtained title to the land. The court also found that the initial transfer defeated Life Savings' rights because Life Savings knew of the initial transfer and the Bryans were in open possession of

the land, but noted that the result would have been different had Life Savings been a bona fide purchaser without notice. The court stated that the "answer turns on whether Life, as mortgagee, was a bona fide purchaser such that its interest was protected by the recording act." 467 N.E.2d at 282 See also Thornton v. Louch, 130 NE. 467 (Ill. 1921) (noting that the doctrine estops "the grantor, and those in privity with him, in good faith and fair dealing" but finding that appellant "was not a bona fide purchaser for value") (emphasis added); Way v. Roth, 42 N.E. 321 (Ill. 1895)("Equity will correct mistakes in deeds when clearly and satisfactorily proved, and the rights of innocent purchasers have not intervened to make it inequitable to do so.") (emphasis added).

Therefore, while the after-acquired title doctrine is effective to estop claims of the initial transferor and subsequent purchasers with notice of the initial transfer, it is not an exception to the protections in Illinois law under the recording statutes for bona fide purchasers without knowledge. The Trustee stands in the shoes of such an innocent purchaser, and as discussed in the June 13th opinion was not charged with constructive notice under the facts presented. Those facts have not been disputed, and therefore summary judgment against Branch Banking is appropriate.

For these reasons and the reasons stated in the June 13, 2012, opinion, summary judgment will be entered in favor of the Trustee, avoiding Branch Banking's mortgage. A separate order shall be entered giving effect to the determinations reached herein.

DATE: October 15, 2012

The Honorable Manuel Barbosa
United States Bankruptcy Judge